IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KALEB MCINTOSH,

    Plaintiff,

v.

KONG PHAM, KEL LIVSON, AND
BRANDON SHRAIR

    Defendants.

No. C 19-00243 WHA
*Related to*
No. C 19-03298 WHA

**ORDER TO SHOW CAUSE**

*Pro se* plaintiff Kaleb McIntosh initiated this action against defendants Kong Pham, Kel Livson, and Brandon Shrair on January 10, 2019 alleging violations of his First Amendment rights (Case No. 19-00243, Dkt. No. 1). A screening order dismissed plaintiff's complaint with leave to amend for failure to state a claim under federal law (Dkt. No. 6).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not provide detailed factual allegations, it is "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id*. at 570.

Plaintiff filed an amended complaint on June 11, 2019 alleging violations of 18 U.S.C. §§ 1465, 1466, and 15 U.S.C. § 54 (Case No. 19-03298, Dkt. No. 1). Title 18 of the United

States Code is the criminal code of the federal government. A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another, and as such, may not initiate an action under this title. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Section 54 of Title 15 of the United States Code addresses the penalties for false advertising. Plaintiff alleges in the amended complaint that defendants' company, Jumpcut Academy, "is false advertising and lying to their customers" (Amd. Compl. at 6 ¶ 2). He also alleges "they are advocating illegal actions and false advertising a way to make a six figure salary" (*id.* at 6 ¶ 6). It not clear what claim plaintiff seeks to assert as section 54 only addresses the penalties for false advertising.

The court orders plaintiff to show cause why this action should not be dismissed due to failure to properly amend the complaint. Plaintiff **SHALL FILE A RESPONSE** to the order by **JULY 15, 2019 AT NOON**.

**IT IS SO ORDERED.**

Dated: July 1, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2